NJM:RMP/ADR
F. #2023R00939

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

MANSURI MANUCHEKHRI,
    also known as "Mansuri Manchekhri"
    and "Manysher,"

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
\*   MARCH 11, 2025   \*
BROOKLYN OFFICE

I N D I C T M E N T

Cr. No. 25-CR-88
(T. 18, U.S.C., §§ 371, 922(g)(5),
924(d)(1), 981(a)(1)(C), 981(a)(1)(G),
982(a)(6)(A), 982(b)(1), 1001(a)(2),
1546(a), 2339B(a)(1), 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

Judge Margo K. Brodie
Magistrate Judge Vera M. Scanlon

THE GRAND JURY CHARGES:

COUNT ONE
(Conspiracy to Provide Material Support to a Foreign Terrorist Organization)

1. In or about and between December 2021 and June 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MANSURI MANUCHEKHRI, also known as "Mansuri Manchekhri" and "Manysher," together with others, did knowingly and intentionally conspire to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b), including services, personnel including himself and others, and property including currency and monetary instruments, to one or more foreign terrorist organizations, to wit: the Islamic State ("ISIS") and the Islamic State-Khorasan Province ("ISIS-K"), which at all relevant times were designated by the Secretary of State as foreign terrorist organizations pursuant to Section 219 of the Immigration and Nationality Act, knowing that ISIS and ISIS-K were designated foreign terrorist organizations and that ISIS and ISIS-K had engaged in and were engaging in terrorist activity

and terrorism, the offense occurred in part within the United States, and the offense occurred in and affected interstate and foreign commerce.

(Title 18, United States Code, Sections 2339B(a)(1) and 3551 et seq.)

## COUNT TWO
(Conspiracy to Possess Firearms and Ammunition as a Prohibited Person)

2. In or about and between September 2021 and February 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MANSURI MANUCHEKHRI, also known as "Mansuri Manchekhri" and "Manysher," together with others, knowing that he was an alien illegally and unlawfully in the United States, did knowingly and willfully conspire to possess in and affecting interstate or foreign commerce one or more firearms and ammunition, contrary to Title 18, United States Code, Section 922(g)(5).

3. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant MANSURI MANUCHEKHRI, also known as "Mansuri Manchekhri" and "Manysher," together with others, did commit and cause the commission of, among others, the following:

## OVERT ACTS

(a) On or about September 6, 2021, MANUCHEKHRI, together with others, visited a shooting range in Hodgkins, Illinois, where he and others rented firearms and purchased ammunition.

(b) On or about September 12, 2021, MANUCHEKHRI, together with others, visited a shooting range in Dallas, Texas, where he and others rented firearms and purchased ammunition.

(c) On or about February 27, 2022, MANUCHEKHRI, together with

others, departed from Brooklyn, New York and traveled to a shooting range in Union, New Jersey, where he and others rented firearms and purchased ammunition.

(d) On or about February 3, 2024, MANUCHEKHRI, together with others, visited a shooting range in Kent, Washington, where he and others rented firearms and purchased ammunition.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT THREE
(Possession of a Firearm by a Prohibited Person)

4. On or about February 27, 2022, within the District of New Jersey, the defendant MANSURI MANUCHEKHRI, also known as "Mansuri Manchekhri" and "Manysher," together with others, knowing that he was an alien illegally and unlawfully in the United States, did knowingly and intentionally possess in and affecting interstate or foreign commerce a firearm and ammunition, to wit: an AK-47, a Smith & Wesson M&P 15 tactical rifle, and ammunition for each.

(Title 18, United States Code, Sections 922(g)(5), 2 and 3551 et seq.)

## COUNT FOUR
(Immigration Fraud)

5. On or about March 1, 2021, within the Eastern District of New York and elsewhere, the defendant MANSURI MANUCHEKHRI, also known as "Mansuri Manchekhri" and "Manysher," together with others, did knowingly and intentionally subscribe as true, under penalty of perjury under Title 28, United States Code, Section 1746, one or more false statements with respect to one or more material facts, to wit: statements concerning the nature and purpose of a marriage between the defendant and a United States citizen, and the residence of each, and events preceding their divorce, in one or more applications, affidavits, and other documents

required by the immigration laws and regulations prescribed thereunder, to wit: a Form I-360 and supporting documents, and knowingly presented such applications, affidavits, and other documents that contained false statements and that failed to contain any reasonable basis in law and fact.

(Title 18, United States Code, Sections 1546(a), 2 and 3551 et seq.)

## COUNT FIVE
(False Statements)

6. On or about February 26, 2025, within the Eastern District of New York and elsewhere, the defendant MANSURI MANUCHEKHRI, also known as "Mansuri Manchekhri" and "Manysher," did knowingly and willfully make one or more materially false, fictitious and fraudulent statements and representations, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: the following false statements to special agents of the Federal Bureau of Investigation during a post-arrest interview:

(a) MANUCHEKHRI falsely represented that he never sent money, directly or indirectly, and never directed any other person to send money, to a particular person in Turkey ("Individual-1"), an individual whose identity is known to the Grand Jury, when in fact, as he then and there well knew and believed, MANUCHEKHRI did send money, directly and indirectly, and directed another person to send money, to Individual-1;

(b) MANUCHEKHRI falsely represented that his marriage to a particular United States citizen ("Individual-2"), an individual whose identity is known to the Grand Jury, was genuine and not for purposes of money or immigration benefits, when in fact, as he then and there well knew and believed, MANUCHEKHRI's marriage to Individual-2 was a sham marriage, and MANUCHEKHRI paid Individual-2 to marry him so that he could obtain immigration benefits; and

    (c) MANUCHEKHRI falsely represented that a utility bill that MANUCHEKHRI submitted to immigration authorities as support for a Form I-360 petition was genuine and unaltered, and in substantially the same form in which MANUCHEKHRI received it from the utility company, when in fact, as he then and there well knew and believed, the utility bill that MANUCHEKRHI submitted to immigration authorities as support for a Form I-360 petition had been altered to include the name of Individual-2, who never resided at the address on the utility bill.

(Title 18, United States Code, Sections 1001(a)(2) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

   7. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense; and (b) Title 18, United States Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461(c), which require the forfeiture of all assets, foreign or domestic, (i) of any individual, entity, or organization engaged in planning or perpetrating any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization; (ii) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents

of the United States, or their property; (iii) derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; or (iv) of any individual, entity, or organization engaged in planning or perpetrating any act of international terrorism (as defined in Title 18, United States Code, Section 2331) against any international organization (as defined in Title 22, United States Code, Section 4309(b)) or against any foreign Government.

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C) and 981(a)(1)(G); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS TWO AND THREE

9. The United States hereby gives notice to the defendant that, upon his conviction of either of the offenses charged in Counts Two and Three, the government will seek

forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924.

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT FOUR

11. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Four, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(6)(A), which requires the forfeiture of: (a) any conveyance, including any vessel, vehicle, or aircraft used in the commission of such offense; and (b) any property, real or personal that: (i) constitutes, or is derived from or is

8

traceable to, the proceeds obtained directly or indirectly from the commission of such offense; and (ii) is used to facilitate, or is intended to be used to facilitate, the commission of such offense.

    12.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)  cannot be located upon the exercise of due diligence;

    (b)  has been transferred or sold to, or deposited with, a third party;

    (c)  has been placed beyond the jurisdiction of the court;

    (d)  has been substantially diminished in value; or

    (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 18, United States Code, Sections 982(a)(6)(A) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

/s/

———————————————
FOREPERSON

*John J. Durham*
———————————————
JOHN J. DURHAM
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK